UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EAN SOLEY

                          Plaintiff,                              **DOCKET NO.: CV-18-00377**

             - against -

COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE RHUBENS                              **COMPLAINT**
TOUSSAINT shield # 1192, P.O. OMAR D. GALAN
shield # 3660, THE OFFICE OF THE NASSAU
COUNTY DISTRICT ATTORNEY and
D.J. ROSENBAUM (former Assistant District
Attorney in her individual and official capacity)
and JOHN DOES 1-10, in their individual and
official capacity,

                          Defendants.                            ***JURY TRIAL DEMANDED***
-------------------------------------------------------------------x

   **PLAINTIFF, EAN SOLEY,** by and through his attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for his Complaint  respectfully states and alleges as

follows:

**PRELIMINARY STATEMENT**

   1.  This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, special damages, disbursements, costs and fees brought under 42 U.S.C.

§§1981 and 1983 grounded in rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments

to the United States Constitution, and other New York State causes of action.  This is an action

against the COUNTY OF NASSAU,  NASSAU COUNTY POLICE DEPARTMENT, THE OFFICE

OF THE NASSAU COUNTY DISTRICT ATTORNEY, D.J. ROSENBAUM (former Assistant

District Attorney in her individual and official capacity), DETECTIVE RHUBENS TOUSSAINT

in his individual and official capacity, P.O. OMAR D. GALAN in his individual and official

capacity, and JOHN DOES 1-10, in their individual and official capacities, for violating the civil

rights and constitutional rights of Plaintiff, EAN SOLEY, by engaging in unlawful conduct including, false arrest, false and unlawful imprisonment, unjust imprisonment, conspiracy, fabrication of evidence, failure to intervene, malicious prosecution, abuse of process, failure to provide information, failure to disclose information, fraudulent misrepresentation, as well as unlawful apprehension, unlawful detention, malicious prosecution, violating Brady rights, withholding evidence, suborning perjury in violation of civil rights under state and federal law, defamation, negligent infliction of emotional distress, intentional infliction of emotional distress that resulted in physical and emotional harm, mental anguish, vindictive, negligent, gross, deliberate and wanton indifference to his constitutional rights, deliberate and/or reckless failure by members of the Nassau County Police Department and the Nassau County District Attorney's Office to carry out their lawful duties, and misconduct and/or negligence by members of the Nassau County Police Department and the Nassau County District Attorney's Office and other County employees, their agents, servants, employees, and/or officers of the COUNTY OF NASSAU,  the NASSAU COUNTY POLICE DEPARTMENT,  DETECTIVE RHUBENS TOUSSAINT, in his individual and official capacity, P.O. OMAR D. GALAN, in his individual and official capacity, and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and D.J. ROSENBAUM (former Assistant District Attorney, in her individual and official capacity) (hereinafter "Rosenbaum").  All acts were committed under color of law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York.

2.      Plaintiff, EAN SOLEY, was falsely arrested, falsely charged, falsely jailed, falsely detained, deprived of his freedom, maliciously and falsely accused, abused, subjected to public ridicule, subjected to undue pressure, deprived of comfort, deprived of sleep, made to suffer extreme

2

mental stress, stripped searched, pain and suffering, embarrassment, humiliation, mental pain and suffering, emotional and psychological injuries, severe stress and anxiety, incarceration, damage to name and reputation, defamed and made to suffer injury to his mind, injury to earning capacity, without reason, legal basis or justification by the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, DETECTIVE RHUBENS TOUSSAINT, P.O. OMAR GALAN, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and D.J. ROSENBAUM (former Assistant District Attorney),in her individual and official capacity and John Does "1-10", all who knew or should have known, or became aware that there was no merit to the arrest, jailing, imprisonment, charging, prosecution, continuation of prosecution, conviction, institution and the continuance of said actions and the pursuit of same was illegal.

3.     PLAINTIFF EAN SOLEY was also compelled to expend great amounts of time and resources to defend against the underlying false criminal charges and was compelled to retain legal counsel to pursue this claim and all related matters based on the false charges leveled against him in violation of his Civil Rights.

4.     The genesis of all the claims in this matter arose on or about January 13, 2015 when Claimant was falsely arrested by Nassau County Police and falsely detained for approximately eighteen (18)  hours and subsequently imprisoned for more than two (2) years because of the deliberate and/or reckless failure by members of the Nassau County Police Department and The Nassau County District Attorney's Office to carry out their lawful duties.

5.     On or about January 13, 2015, Plaintiff EAN SOLEY was falsely accused, falsely charged, falsely arrested, falsely detained, falsely jailed, abusively prosecuted, denied information, denied basic rights, subjected to wrongful and negligent actions by Defendants subjected to negligent

3

use, holding, and records including information about witnesses, witness statements, exculpatory documents and information.  He was denied his freedom despite the clear evidence showing that he should be freed and was not afforded basic civil and constitutional protections, with the full complicity of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, DETECTIVE RHUBENS TOUSSAINT, P.O. OMAR GALAN and D.J. ROSENBAUM (former Assistant District Attorney), in her individual and official capacity, and JOHN DOES 1-10, in their individual and official capacity.

6.     Plaintiff, EAN SOLEY sustained severe damages, physical and emotional injuries, including, but not limited to, violation of his civil rights, injury to his mental health, permanent damage to his good name and reputation, humiliation, shame, embarrassment, extreme mental and emotional harm and stress, impairment of earning power, as well as the unjustified loss of his freedom, access to personal property, good standing in the community, comfort, employment, income, career opportunities and other damages not yet fully ascertained.

## JURISDICTION

7.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

8.     Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

9.     That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim on December 29, 2017.

4

This Complaint is being filed due to time constraints related to pending statute of limitations and Plaintiff has no intention of depriving Defendants, should they so desire to conduct a 50h hearing pursuant to the General Municipal Law.

10.     Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Eastern District of New York.

## PARTIES

11.     During all times relevant to this Complaint, the Plaintiff EAN SOLEY was, and still is, a citizen of the United States, residing in the County of Nassau, State of New York.

12.     The Defendant COUNTY OF NASSAU  (hereinafter "COUNTY") is a duly constituted municipal corporation duly organized and existing under and by virtue of the laws of New York State.   Upon information and belief, the COUNTY has direct authority over several different departments including the NASSAU COUNTY POLICE DEPARTMENT (hereinafter "COUNTY") and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE (hereinafter "NCDA").  The aforementioned departments and/or the employees , agents, or representatives of said department is directly involved in violations that are at issue in this complaint.

13.     The Defendant NASSAU COUNTY POLICE DEPARTMENT is an agency of the COUNTY.

14.     Upon information and belief, during all times relevant to this Complaint, Defendant DETECTIVE RHUBENS TOUSSAINT was and is a citizen and resident of the State of New York; at all times herein mentioned was a Police Officer employed by the COUNTY, under the direction of NASSAU COUNTY POLICE DEPARTMENT and COUNTY, and was acting in furtherance of the scope of his employment, acting under the color of statutes, ordinances, regulations, policies,

5

customs, and usages of the State of New York and/or COUNTY, acting in his individual and official capacity.

15.     Upon information and belief, during all times relevant to this Complaint, Defendant P.O. OMAR GALAN was and is a citizen and resident of the State of New York; at all times herein mentioned was a Police Officer employed by the COUNTY, under the direction of NASSAU COUNTY POLICE DEPARTMENT and COUNTY, and was acting in furtherance of the scope of his employment, acting under the color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, acting in his individual and official capacity.

16.     Upon information and belief, during all times relevant to this Complaint, Defendant POLICE OFFICERS JOHN DOES "1-10", were at all times herein mentioned police officers and/or detectives, in their individual and official capacities; were and are citizens and residents of the State of New York; and at all times herein mentioned were Police Officers employed by the COUNTY, under the direction of the NASSAU POLICE and COUNTY and was acting in furtherance of the scope of their employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in their individual and official capacity.  The NCPD, NCDA and COUNTY are herein intended to be one sueable entity and any reference to NCPD and/or NCDA is a reference to the sueable entity which is NASSAU COUNTY.

17.     That Defendant D.J. ROSENBAUM (hereinafter "ROSENBAUM") former ASSISTANT DISTRICT ATTORNEY was a Prosecutor and/or Supervisor employed by defendants COUNTY and/or the NCDA's OFFICE, working for Defendant's COUNTY and/or NCDA's OFFICE as an employee or agent thereof.  Throughout the events herein after described, defendant ROSENBAUM was acting in the course of her duties and functions as Prosecutors and/or

6

Supervisors of and for defendants COUNTY and/or NCDA's OFFICE and/or DA.   Defendants

DISTRICT ATTORNEYS are sued both in their individual and official capacities.   elected official

with final government authority to establish municipal policy who personally selected, supervised

and is a citizen and resident of the State of New York; and at all times herein mentioned was an

Assistant District Attorney employed by the COUNTY, under the direction of the COUNTY and was

acting in furtherance of the scope of her employment, acting under color of statutes, ordinances,

regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting

in her individual and official capacity.

18.     Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE is an agency of

defendant COUNTY, with final government authority to establish municipal policy and who

supervises and had or should have had direct knowledge of, participated in and was directly

responsible for the actions of all employees and/or agents of Defendant NCDA's OFFICE and

defendant ROSENBAUM, as alleged herein.

19.     During all times relevant to this Complaint, the Defendants, and each of them, were

acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules,

regulations, policies, customs and usages of the State of New York and/or the COUNTY.

20.     During all times relevant to this Complaint, the Defendants, separately and in concert,

engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges

and immunities of the Plaintiff, and while these acts were carried out under color of law, they had

no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any

activity in which law enforcement officers may appropriately and legally engage in the course of

protecting persons and property or ensuring civil order.

7

21.     During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

22.     On August 23, 2014, Plaintiff EAN SOLEY was arrested in violation of a family court Order of Protection and charged with Burglary in the 2nd degree, Criminal Mischief in the 3rd degree, Criminal Mischief in the 4th degree, 1st degree Criminal Contempt and Improper registered plates as a result of the Complaining witness, Ms. Cassandra Desir's claim that the Plaintiff destroyed her home and attempted to strangle her. During the arrest on August 23, 2014, Plaintiff SOLEY'S property was vouchered.  Included in that vouchered property was his cell phone and front door key to his home.

23.     On August 26, 2014, the Complaining witness, Ms. Desir, appeared in court.  She presented a letter to the Judge and District Attorney stating she did not wish to proceed and stated that Plaintiff SOLEY had not broken into her home.  The letter was given to Mr. SOLEY'S then defense counsel, the Legal Aid Society, while in Court.  Plaintiff was arraigned and subsequently posted bail and was released.

24.     While out on bail, it was alleged that there were two other incidents, on December 15, 2014 and December 23, 2014 when Mr. SOLEY allegedly contacted and threatened the victim in violation of an Order of Protection.  Plaintiff was arrested at his home on December 23, 2014, despite his declarations of innocence and his willingness to support his claim.  Plaintiff was

8

arraigned in Nassau First District Court.  Bail was set and he was able to post out approximately one week later on January 5, 2015.

25.     On January 9, 2015, PLAINTIFF SOLEY received a phone call from Defendant TOUSSAINT of the NCPD, 4TH Precinct.  Unable to reach PLAINTIFF, Defendant TOUSSAINT, upon information and belief, left a message on PLAINTIFF'S voice mail stating "we know you did it, if you don't come down and turn yourself in, I'm going to come there, kick your door in, handcuff you, drag you out and embarrass you in front of your neighbors" subjecting PLAINTIFF to threats of harassment and fear of embarrassment, fear of harm to his person causing PLAINTIFF to become anxious and thus suffer extreme mental stress.

26.     PLAINTIFF was completely unaware of what Defendant TOUSSAINT was referring to and so not knowing what else to do and not trustful of the NCPD or Defendant TOUSSAINT, PLAINTIFF attempted to contact his attorney to accompany him to the Precinct. When he was unable to contact his attorney, PLAINTIFF against his better judgment, reported to the 4th Precinct on the morning of January 13, 2015 at approximately eight (8) o'clock in the morning.

27.     Plaintiff arrived at the Precinct and requested to speak with Defendant TOUSSAINT. He was told by the desk Sergeant that Defendant TOUSSAINT was not there at that he needed to sit and wait.  Plaintiff complied.

28.     Plaintiff was disregarded and purposely made to wait for a prolonged period of time. Finally, after two (2) hours,  with no explanation or justification and not one ounce of information being provided him, PLAINTIFF SOLEY requested once again to speak with Defendant TOUSSAINT.  Upon information and belief, PLAINTIFF was told Detective TOUSSAINT is not coming in, but another officer is coming to speak with you".

29.     After unconscionably requiring PLAINTIFF to wait even longer, Mr. SOLEY was finally approached by Police Officer OMAR GALAN, who asked Plaintiff  "[A]re you EAN SOLEY?"  PLAINTIFF responded "yes".  At that time, Defendant Officer OMAR GALAN ordered PLAINTIFF, without explanation, to turn around.  PLAINTIFF complied and was unjustifiably, and wrongfully handcuffed, placed under arrest, taken into custody, and placed in lock-up.  His phone was then confiscated for "evidence".

30.     Plaintiff was detained at the precinct for approximately eighteen (18) hours prior to prior to being arraigned.  On January 15, 2018, he was transported to the Nassau County First District Court and upon information and belief, Plaintiff was arraigned on four (4) charges.

31.     Plaintiff  was charged and arraigned on four(4) charges of the New York Criminal Procedure Law which arose from incidents which allegedly took place on January 9, 2015.  Plaintiff was charged with violating PL 140.30 (3) 1st Degree Burglary, a B felony; PL 265.002(1) Criminal Possession of a Weapon in the 3rd Degree, a D felony; PL 240.75(1) Aggravated Family Offense, an E felon; and PL 215.51(B)(1)  1st Degree Criminal Contempt, an E felony.    According to the police report, Plaintiff allegedly broke into the home of his former girlfriend and mother of his son, while wearing a mask and brandishing a knife.  The Court set bail at $100,000.

32.     According to the People, the victim, Cassandra Desir, activated a Caper alarm and the "intruder" fled.  Defendant OMAR GALAN took the report and Defendant TOUSSAINT was supposed to investigate the complaint.  Defendant TOUSSAINT failed to do so however, and did not follow up the complaint made by Ms. Desir with any form of investigation pursuant to their lawful duties as prescribed by written Police Policy and Procedure.

33.      Plaintiff SOLEY was not questioned prior to being arrested, and no investigation by

10

Defendant TOUSSAINT or Defendant GALAN was effectuated.

34.     On or about February 9, 2015,  Plaintiff SOLEY was indicted on the four (4) charges from the January 15, 2015 arraignment and was surprisingly indicted the fourteen (14) charges arising out the August 2014, and December 2014 arrests.   Bail was set at $100,000.00

35.     During the arrest on August 23, 2014,  Plaintiff EAN SOLEY's property was vouchered and most were returned to him with the exception of his cell phone and the door key to his home.  This information was noted in the police paperwork after his arrest on January 13, 2015.

36.     Defendant D.J. ROSENBAUM was the Assistant District Attorney assigned to the case at the time.

37.     Subsequent to the Indictment on February 9, 2015, Defendant ROSENBAUM, served defense counsel with Voluntary Disclosures (hereinafter "VDF") on March 4, 2015.  Defendant ROSENBAUM failed to provide a copy of the August 26, 2014 letter from the Complaining witness with the VDFs.  Upon information and belief, there is no mention of this letter or any exculpatory information in the section dealing with Brady.  Further, the VDFs did not give notice to Plaintiff SOLEY'S defense counsel that the People were seeking to use any property seized from the defendant as evidence and there was no mention of Plaintiff SOLEY'S phone in the disclosure from the People.

38.     Beginning June 30, 2015, new counsel was retained by Mr. SOLEY and at that time, on or about June 30, 2015, new counsel served Demands to Produce on the People, through Defendant ROSENBAUM.  A copy was also provided to the Court.  As part of the demands, defense counsel specifically requested copies of any statements of the then Defendant, EAN SOLEY, any property taken from him, including any electronic recordings and emails. The demands further

requested any Brady material, inconsistent statements of witnesses, and the names of any witnesses who changed or recanted testimony or details of charges pursuant to People v. Carrion. Defense counsel also requested the disclosure of any evidence in the People's possession that would tend to impeach the credibility of any of the People's witnesses.

39.    ADA ROSENBAUM filed a response to the demand on July 6, 2015. She stated inter alia that there was "no additional information in the Office of the District Attorney responsive to the demand, including Brady or Giglio material".

40.    Following the Demands, in normal course, SOLEY'S defense counsel filed a motion to dismiss and/or compel Brady material, on August 10, 2015. As part of his motion, Plaintiff SOLEY'S defense counsel argued that "any of these materials in the possession of the police were to be considered in possession of the prosecutor", and that "the prosecutor had a duty to investigate whether the police had such information".

41.    All the while these proceedings were occurring, Plaintiff was incarcerated and deprived of his freedom in violation of his Constitutional rights as he was not able to meet the bail obligations set by the Court and as demanded by the People and ADA ROSENBAUM.

42.    In the People's response to Defendant's Motion to Dismiss and/or Compel, ADA ROSENBAUM finally acknowledged that the police were in possession of Mr. SOLEY'S phone, but failed to provide any information as to why the phone was being held if it was not being investigated and Defendants, including ADA ROSENBAUM also failed to explain why it was not being investigated. ADA ROSENBAUM also finally provided a copy of Ms. Desir's letter of August 26, 2014, but failed to explain why it was not included in her Voluntary Disclosures and had been held for the period of time which the information was held. ADA ROSENBAUM showed no concern

or conscience about her previous sworn statement that no Brady material existed. At that time, ADA ROSENBAUM further falsely affirmed that "the People were not in possession of any Brady or exculpatory material" and she even recited her obligation to provide Brady and other exculpatory material.

43.     Defendant ROSENBAUM did this all the while knowing that she had Brady exculpatory material in her possession which could have potentially exonerated Plaintiff SOLEY of the criminal charges leveled against him at the time and while Plaintiff remained in jail.

44.     Subsequently, in the decision by Honorable William O'Brien on September 22, 2015, all motions for sanctions were denied. Judge O'Brien also identified information he deemed to be "discloseable pursuant to Brady and its progeny". The District Attorney and ADA ROSENBAUM were to provide Brady material as part of their continuing obligation.

45.     Thereafter, Plaintiff SOLEY'S defense counsel sought Brady material from the NCDA's Office once more, by letter dated April 27, 2016, to which there was no response. A follow-up letter was sent to the People on May 9, 2016, seeking exculpatory material once more, stating that the Defendant would be seeking sanctions for failure of the People to respond.

46.     To reiterate, Plaintiff SOLEY was wrongfully incarcerated all throughout these proceedings in violation of his Civil and Constitutional Rights, due to the astronomical bail imposed by the Court of one-million, five-hundred thousand ($1.5 million) dollars, thus preventing him from posting out and obtaining his freedom.

47.     After receiving defense counsel's May 9th , 2016 letter, ADA ROSENBAUM responded, acknowledging defense counsel's requests, but she did not provide any Brady or Giglio material. What she did provide were copies of photos and 911 calls which she had previously

disclosed already. Thus, she was continuing to falsely, purposely, maliciously and unjustifiably deny Plaintiff SOLEY his freedom, in violation of his Constitutional Rights and in violation of the Criminal Procedure Law and in violation of the Oath of Office taken by ADA ROSENBAUM.

48.     The Police Department, including Defendants OMAR GALAN and TOUSSAINT, did in fact have in its possession Mr. SOLEY'S key and cell phone all throughout the proceedings. Both these items were seized on August 23, 2014 and never returned to him by any of the Defendants.

49.     In a final attempt to obtain the Brady and/or Giglio material believed to be in the Possession of the NCDA's office and NCPD, Plaintiff SOLEY'S defense counsel filed another motion to compel and/or preclude. Once again, Defendant ADA ROSENBAUM affirmed under the penalties of perjury to the Court that she recognized her obligations under Brady and yet dishonestly insisted that all discoverable information, evidence and documents had been turned over to defense counsel. As a result, the Court relied on this lie and found that no Brady violations existed and the case proceeded to hearings.

50.     A Huntley/Dunaway/Mapp hearing was conducted on December 2, 2016 before the Honorable Francis Ricigliano. During the hearing, defense counsel specifically requested a copy of the witness' statement and the original of the August 26, 2014 letter. Defendant ROSENBAUM refused to comply and falsely stated that "Brady had already been decided, and that these statements were not Brady or Rosario" as the witness was not expected to testify at trial. Defense counsel countered Defendant ROSENBAUM'S argument insisting that the statements were in fact Brady and even more, went to the core of the matter to establish a finding of probable cause for the NCPD to arrest Plaintiff SOLEY.

51.     At the conclusion of the hearing, defense counsel requested that the People produce Plaintiff SOLEY'S phone.  Defense counsel requested that the District Attorney extract whatever evidence they wanted, but asked that they not delete any information.  Defense counsel requested that a private investigator be used to download the information from the phone as it was "critical evidence".  Defendant ADA ROSENBAUM requested written consent to do so.  Defense counsel consented on the record and told ADA ROSENBAUM Plaintiff SOLEY would sign any consent provided by the NCDA.  Defendant ADA ROSENBAUM was instructed by the Court to "have it done" by December 12, 2016.

52.     On December 12, 2016, ADA ROSENBAUM falsely reported to the honorable Christopher G. Quinn that the phone would not "power up".  She further stated falsely that she had no intent to use the phone at trial.  Judge Quinn directed ADA ROSENBAUM to bring the phone to Court on January 9, 2017.

53.     On January 9, 2017, ADA ROSENBAUM did not comply and instead disobeyed a direct order of the Court and reported to Court without the phone.  Judge Quinn again directed ADA Defendant ROSENBAUM to bring the phone to Court on January 17, 2017.  On that day, once again, ADA ROSENBAUM disobeyed Judge Quinn's order and did not produce the phone at Court on January 17, 2017.

54.     At the January 17, 20017 Court appearance, ADA ROSENBAUM explained that the NCPD was able to "power up" the phone and extract evidence from it.  Remarkably, she even provided discs with evidence of phone calls, but no text messages. Although she had represented that same did not exist.

55.     The phone was subsequently delivered to the Court the following day, on January 18, 2017.

15

56.     Defense counsel noticed that the information on the discs provided Defense counsel the previous day contained information which revealed approximately 266 calls between Ms. Desir and Plaintiff SOLEY, in the 19 days leading up to the August 23, 2014 incident and that they were engaged in conversation for approximately 45 minutes per day.

57.     On January 19, 2017, ADA ROSENBAUM appeared in Court and turned over another disc containing pictures of text messages allegedly sent between the complaining witness and Plaintiff SOLEY.   ADA ROSENBAUM told the Court that the NCPD had continued to investigate the phone despite the Court's order to bring the phone to Court and despite the fact that the People never requested nor obtained a release, warrant or consent to open Plaintiff SOLEY'S phone while in the custody of the NCPD, which was a further violation of Plaintiff's rights.  Upon information and belief the further investigation and examination of the phone was done by, or at the direction of Defendants OMAR GALAN and TOUSSAINT.

58.     Upon information and belief, it was later discovered by a Technology Specialist that evidence was deleted from Mr. SOLEY'S phone during the time it was in the custody of NCPD and Defendants OMAR GALAN and TOUSSAINT.  Fortunately for Mr. SOLEY, the specialist was able to restore the evidence to the phone.  The District Attorney's Office, the Defendants and no one had an explanation for this intentional and blatant act.

59.     Defense counsel made an immediate application to reduce Plaintiff SOLEY'S bail.

60.     The Court granted the application and immediately reduced Plaintiff's bail over the People's objection from $1.5 million dollars set at the arraignment of the indictment to $100,000.00.

61.     Plaintiff was, with great effort and hardship, at this time able to post bail and obtain his freedom after being wrongfully incarcerated and denied his basic rights for more than two (2) full years.

16

62.     Defense counsel immediately sought a dismissal of the case as an initial sanction which they felt was warranted due to the conduct of ADA ROSENBAUM who conducted herself in a manner inconsistent with the laws of the Constitution of the United States, the New York Criminal Procedure Law and the rules and regulations, policies and procedures of the NCDA'S OFFICE.

63.     Defense counsel argued that all the while Plaintiff SOLEY was incarcerated, ADA ROSENBAUM:

a)      had in her possession all of the information which could have exculpated Plaintiff SOLEY from the onset of the criminal case;

b)      refused to investigate for Brady and/or Giglio material;

c)      never requested nor obtained a warrant or consent to open Plaintiff SOLEY'S phone while it was in the possession of the NCPD;

d)      had in her possession the felony complaint from August 2014, the complaining witness' August 26, 2014 letter recanting her statements, the phone, and the 911 call made on August 23, 2014; and

e)      did nothing to investigate any of the Complaining witness' conflicting statements and in fact created conflicting statements through her questions in the Grand jury, and presented misleading evidence to the Grand Jury to obtain an indictment.

64.     The Honorable Christopher G. Quinn held that the DISTRICT ATTORNEY'S OFFICE "acted improperly in failing to determine and disclose any information from the subject phone held in the possession of the State for more than eighteen (18) months.  As such, the Court found that Plaintiff SOLEY'S case was prejudiced by the conduct of the then ASSISTANT

DISTRICT ATTORNEY D.J. ROSENBAUM.

65.     As a result, the Court directed that ADA ROSENBAUM be removed from prosecuting the criminal case against Plaintiff SOLEY and reported her to the Grievance Committee of the 10th Judicial District.

66.     ADA ROSENBAUM was subsequently asked to resign her position following Judge Quinn's findings and after she was found to have perpetrated the same wrongs against another defendant in a separate criminal matter.  Throughout the entire malicious prosecution of Plaintiff it was clear that ADA ROSENBAUM was not being overseen, counseled or supervised.

67.     Plaintiff SOLEY'S matter continued for an additional nine (9) months despite the prejudicial effect of Defendant ROSENBAUM'S misconduct on the criminal case.   It   was subsequently presented to the Grand Jury once again  in October 2017.  After hearing testimony and reviewing the evidence, the Grand Jury issued a "No True Bill" due to the inconsistencies in the complaining witness' statements, the recantation and the evidence from Mr. SOLEY'S cell phone along with other additional evidence.

68.     Accordingly, all eighteen (18) charges, including the Stay Away Order of Protection were dismissed on October 3, 2017.

### AS AND FOR COUNT ONE
### 42 U.S.C §1983 - FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS

69.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.     Plaintiff alleges numerous constitutional violations under Section 1983 which

18

include, but is not limited to: fabrication of evidence, Brady Violations in the withholding of exculpatory evidence, destruction of evidence, failure to follow proper procedures under the Due Process laws pursuant to the Constitution of the United States and the State of New York, failure to intervene, falsely testifying before the Grand Jury, falsely arresting, falsely detaining, falsely imprisoning Plaintiff for a prolonged period of two (2) years, conspiracy, abuse of process and malicious prosecution of Plaintiff, all of which support Plaintiff's claims for constitutional violations.

71.     Plaintiff alleges that Defendants ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and Police Officers JOHN DOES 1-10 fabricated evidence as it relates to the incidents involving Plaintiff, which constituted violations of his constitutional and civil rights under Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious and based on the Defendants' intent and desire to deny him the right to a fair trial, to examine the evidence against him, to properly prepare a defense, to be free from unlawful incarceration, and to not be wrongfully subjected to the prosecutorial process.

72.     Plaintiff alleges that Defendants ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN  and Police Officers JOHN DOES 1-10 withheld evidence in violation of Brady  v. Maryland, 373 U.S. 83 (more) 83 S. Ct. 1194; 10 L. Ed. 2d 215; 1963 U.S. LEXIS 1615, as it relates to the incidents involving Plaintiff, which constituted violations of his constitutional rights under the Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was an intentional and malicious desire to subject Plaintiff to prosecution and prolonged incarceration and thus ultimately deny Plaintiff his Due Process and liberty rights as ascribed him under the Constitution.

73.     Plaintiff alleges that Defendants ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN  and JOHN DOES 1-10 destroyed evidence related to the incidents involving Plaintiff,

which constituted Brady violations and Due Process violations pursuant to the Fifth, Sixth and Fourteenth Amendments to the Constitution.  Plaintiff alleges that this conduct was intentional and malicious and based on a wish to deny Plaintiff his Fifth and Sixth Amendment rights to due process, to examine the evidence against him, the right to a fair trial and to his liberty rights under the Constitution.

74.     The Defendants COUNTY, its agents and employees, the NCPD, its agents and employees, Defendant former ADA D.J. ROSENBAUM, in her individual and official capacity, the NASSAU COUNT DISTRICT ATTORNEY'S OFFICE , DETECTIVE RHUBENS TOUSSAINT, and P.O. OMAR GALAN and JOHN DOES 1-10, in their individual and official capacities, deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by falsely detaining, unlawfully accusing, wrongfully arresting and falsely imprisoning the Plaintiff for more than two (2) years as described above in paragraphs 1 through 63of this Complaint. Said acts were motivated by a sadistic desire to harm Plaintiff, and violate his constitutional and civil rights and thus deny him access to equal rights under the law.  Such desires were marked by the conduct of Defendants to support the motivation.

75.     Plaintiff was detained, arrested, and maliciously prosecuted by Defendants ADA ROSENBAUM, DETECTIVE RHUBENS TOUSSAINT, and P.O. OMAR GALAN and JOHN DOES 1-10, in an attempt to prolong his incarceration and deny him his basic right to freedom.

76.     Plaintiff was denied privileges and immunities as a malicious intent to harm Plaintiff in his person by violating his constitutional and civil rights and to denying Plaintiff access to the \ equal protection under the law.

77.     The above referenced conduct was part of deliberate and concerted actions aimed at

20

Plaintiff in acts of bias, abuse, and discrimination, based on the intent to deny Plaintiff his Due Process rights under the Fifth and Fourteenth Amendment to the Constitution and the laws of New York State, by Defendants ROSENBAUM, DETECTIVE TOUSSAINT,  P.O. GALAN and J0HN DOES 1-10, which violates 42 U.S.C. § 1981 as amended by the Civil Rights Restoration Act of 1991 (Publ. Law No. 102-406).

78.     Upon information and belief, the Defendants ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10, further deprived the plaintiff of his due process rights, specifically by attempting to prolong the Plaintiff 's unlawful detainment without probable cause, investigation, and rule of law and further by purposely and maliciously refusing to disclose Brady exculpatory evidence during the criminal proceedings in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

79.     In furtherance of said conduct, the Defendants prolonged Plaintiff SOLEY'S captivity by failing to investigate Plaintiff's protests that he was not the alleged perpetrator and by demanding of the Court to  set bail at an unreasonable amount of initially $100,000.00 then  increasing it to $1.5 million dollars, to prevent him from gaining his freedom.

80.     Said actions by Defendants ADA ROSENBAUM,  DETECTIVE  TOUSSAINT,P.O. GALAN and JOHN DOES 1-10, denied the Plaintiff his Fifth and Fourteenth rights to Due Process, and denied him access to the equal protections under the law.

81.     All of these rights are guaranteed to the Plaintiff under 42 U.S.C. §1981.  Said acts were motivated by a callous wish to violate Plaintiff's rights and cause him harm, and were marked by the conduct of Defendants to support the motivation.

82.     By assisting in the prolonged detainment and false charging of the Plaintiff,

Defendants ADA ROSENBAUM, DETECTIVE  TOUSSAINT, P.O. GALAN and JOHN DOES 1-10, acted with the shared purpose of denying plaintiff his rights to freedom of movement and protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the law as guaranteed to the Plaintiff under 42 U.S.C. §1981.

83.     As a result of said conduct by the Defendants Plaintiff has been subjected to unnecessary and unsubstantiated charges, prolonged detention, court appearances, and other due process violations.

84.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being publicly detained, handcuffed, threatened, and incarcerated for more than two (2) years.

85.     Defendants COUNTY, NCPD, NCDA, ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10, continued the aforesaid discriminatory treatment of Plaintiff on an ongoing basis, and Defendants' above alleged conduct was part of a systemic pattern and practice of the COUNTY OF NASSAU, THE NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and the NASSAU COUNTY POLICE DEPARTMENT its officers and agents.  This wrongful action was adopted, supported, encouraged, and authorized by Defendants COUNTY, and  NCDA.

86.     Plaintiff alleges that Defendants ADA ROSENBAUM and DETECTIVE TOUSSAINT, P.O GALAN and JOHN DOES 1-10, presented false evidence relating to the incidents involving Plaintiff, to the Grand Jury, which constituted violations of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious and based on the Defendant's desire to achieve a wrongful indictment

against Plaintiff for the purposes of infringing on his right to be free from incarceration and the right to a fair trial and to Due Process under the law.

87.     Plaintiff alleges that the failure of Defendants ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10, to follow proper procedures, policies, and regulations, as it relates to the incidents involving Plaintiff, constitutes violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious and based on the cruel motivation of wrongfully prosecuting and incarcerating Plaintiff in violation of his rights as guaranteed under the US Constitution.

88.     Plaintiff alleges that Defendants COUNTY, NCPD, and NCDA, failed to intervene into the actions of Defendants ROSENBAUM, TOUSSAINT, GALAN AND JOHN DOES 1-10, as it relates to the handling of his criminal matter relating to the institution of the criminal proceeding, the handling of the case, the mishandling of evidence all in connection to the incidents involving Plaintiff, which violated rights guaranteed him under 42 U.S.C. 1983 and under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious and based on the clear shameful intent to achieve an indictment against Plaintiff and ultimately a prosecution.

89.     Plaintiff alleges that Defendant DETECTIVE TOUSSAINT, and JOHN DOES 1-10 falsely testified before the Grand Jury, as it relates to the incidents involving Plaintiff violating Plaintiff's right to a fair trial, equal protection under the law and the right to Due Process under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was calculated and callous.

90.     Plaintiff alleges that Defendants ROSENBAUM, TOUSSAINT, GALAN AND JOHN DOES 1-10 conspired as to the fabrication of evidence, withholding of evidence, destruction of evidence, failure to follow proper policies, procedures and regulations, failure to intervene, falsely testifying before the Grand Jury, and presenting false evidence to the Grand Jury, as it relates to the incidents involving Plaintiff. These said actions violated Plaintiff's constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was purposeful and hateful and done to achieve the wrongful conviction of Plaintiff.

91.     Plaintiff alleges that Defendants ADA ROSENBAUM, TOUSSAINT, GALAN and JOHN DOES 1-10 conspired as to the false arrest, false imprisonment, abuse of process, and malicious prosecution of Plaintiff, as it relates to the incidents involving Plaintiff, which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious and done to deny him the right to a fair trial, the right to prepare an effective defense, to examine the evidence proffered against him, to effectively answer to the charges against him. These rights are guaranteed Plaintiff under 42 U.S.C 1983, the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments.

92.     On or about January 13, 2015 and after, Plaintiff, EAN SOLEY, was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and maliciously prosecuted by Defendants COUNTY, NCPD, NCDA, ADA ROSENBAUM, TOUSSAINT, GALAN and JOHN DOES 1-10, in violation of the civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C.§1983. All acts by the Defendants were

committed under color of law, thus depriving the Plaintiff of rights secured by federal law and the United States Constitution.

93.     On or about January 13, 2015 and after, Defendants COUNTY, NCPD, NCDA, ADA ROSENBAUM, TOUSSAINT, GALAN and JOHN DOES 1-10 , falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants did not conduct any investigation into who the true perpetrator of the crime and had no reliable information that Plaintiff had committed a crime on which to rely and so Defendants had no basis to seize, detain, arrest, or to institute criminal proceedings against Plaintiff.

94.     Upon information and belief such seizure, arrest, and detention was ordered and directed and effectuated by Defendant TOUSSAINT and GALAN who also actively instigated and encouraged the prosecution of the Plaintiff.

95.     Upon information and belief, the Defendants, ADA ROSENBAUM, TOUSSAINT,GALAN and JOHN DOES 1-10, possessed, but withheld information which would have exonerated Plaintiff of the criminal charges with which he was charged.

96.     As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

97.     The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

98.     In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known they were violating federal law and the Plaintiff's constitutional and civil rights set forth herein, and that they had failed to prevent the same and, therefore, acted in concert to harm the Plaintiff.

99.     Defendants withheld information and conspired to cover up the illegal acts delineated herein, despite the truth being apparent.  Defendants ADA ROSENBAUM and TOUSSAINT, offered and were allowed to provide false documents, false statements and perjured testimony before the Nassau County Grand Jury with the full knowledge and support of COUNTY and NCPD.

100.    As a direct result of the unlawful actions of each of the Defendants, COUNTY, NCPD, NCDA, ADA ROSENBAUM, TOUSSAINT, GALAN and JOHN DOES 1-10, the Plaintiff was wrongfully subjected to Grand Jury proceedings, wrongfully indicted on multiple charges including burglary and weapons possession, maliciously prosecuted, forced to endure multiple mandatory court appearances, and face potential additional incarceration all based upon false premises.

101.    Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. §§1981 and 1983. 99.

102.    As a direct and proximate result of the aforesaid acts of the Defendants and each of them, the Plaintiff suffered great harm, mental anguish and violation of rights from then until now

and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

103.    Plaintiff was forced to incur great expense and special damages to date for defending against the false criminal charges, attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the Defendants which have been a serious burden to Plaintiff.

104.    That by reason of the foregoing, the Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum in excess of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT TWO
## 42 U.S.C. §1983-MUNICIPAL LIABILITY

105.    The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 104 of this Complaint with the same force and effect as though fully set forth herein.

106.    Prior to January 13, 2015 and since, Defendants COUNTY, NCPD, and NCDA have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses and arrests of persons by police officers. Despite the egregiously improper conduct, the officers involved were not seriously prosecuted, disciplined or subjected to restraint and such incidents were in fact covered up with official claims that the harassments were justified and proper. As a result, Defendants NCPD, NCDA, and ADA ROSENBAUM were caused and encouraged to believe that individuals could be falsely arrested, prosecuted and imprisoned under circumstances requiring the

use of fabricated and falsified evidence and giving false testimony, ignoring and misapplying the rules and regulations, and that such behavior would, in fact, be permitted by the COUNTY.

107.    In addition to permitting a pattern of practice of improper treatment of persons, theCOUNTY has failed to maintain a proper system for oversight of officers, prosecutors and supervisors and for investigation of all incidents of unjustified arrests and prosecution by their agents/employees.

108.    The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers and Prosecutors, its agents and employees that deprive citizens of their civil rights.

109.    A system allegedly maintained by the COUNTY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the COUNTY to tolerate the improper and illegal arrests and other wrongful actions by police officers.

110.    Upon information and belief, specific systemic flaws in the COUNTY's police misconduct review process include but are not limited to the following:

a.    Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

b.    Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

28

    c.      Police officers fail to properly investigate incidents according to the policy and procedure proscribed by the NCPD and fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

    d.      Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

    e.      Create and manufactured false testimony and evidence.

111.    The foregoing acts, omissions, systemic flaws, policies and customs of the COUNTY caused Nassau County Police Officers and Nassau County Assistant District Attorney ADA ROSENBAUM to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers and Prosecutors are most likely to act inappropriately and falsify evidence in situations where such evidence is neither necessary nor reasonable. These such failures continue and are part of an ongoing culture.

112.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant COUNTY, the Plaintiff was unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to his reputation, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of

the United States, as well as 42 U.S.C. §§1981 and 1983.

113.     That by reason of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum in excess of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

**AS AND FOR COUNT THREE**
**STATE LAW FRAUDULENT MISREPRESENTATION**

114.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 113 of this Complaint with the same force and effect as though fully set forth herein.

115.     Defendants  ADA ROSENBAUM,  DETECTIVE TOUSSAINT, P.O. GALAN, and JOHN DOES 1-10's  accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to persecute Plaintiff.

116.     Defendants, and each of them, expressly and impliedly, acted with each other to bring about Plaintiff's seizure, false arrest, and detention, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights as stated herein.

117.     Defendants ADA ROSENBAUM, TOUSSAINT, GALAN and JOHN DOES 1-10 were aware that the representations made to the Court and Jury and representations made in sworn documents were false representations of fact, that on January 9, 2015,  Plaintiff was involved in the alleged incident, and that Plaintiff was the perpetrator and was identified as the perpetrator.  They were also aware of the multiple and persistent inconsistencies in the Complaining witness' statements

dating back to the genesis of the incidents in August 2014.

118.    Defendants ADA ROSENBAUM, TOUSSAINT, GALAN, and JOHN DOES 1-10 knew said representations were knowingly and maliciously false, and said representations were made with a reckless disregard to their veracity.  These representations made by Defendants induced the Grand Jury to rely upon same, and wrongfully indict Plaintiff on eighteen (18) criminal charges.

119.    Defendants knew that the false representations, false arrest, false imprisonment and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the New York State Constitution.

120.    That by reason of the foregoing, Plaintiff had been placed in fear of incarceration, for his life, exposed to disgrace, public humiliation, embarrassment and has been damaged in the sum in excess of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT FOUR
### STATE LAW ABUSE OF PROCESS and MALICIOUS PROSECUTION

121.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 121 of this Complaint with the same force and effect as though fully set forth herein.

122.    Defendants maliciously caused a criminal proceeding to be commenced without reasonable and probable cause. Defendants ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10 actively instigated and encouraged the baseless prosecution of the

Plaintiff on eighteen (18) criminal charges as enumerated above.  Plaintiff was indicted based upon malicious and false statements and documents presented by ADA ROSENBAUM, and DETECTIVE TOUSSAINT, before the Grand Jury.  As a result of this baseless prosecution and abuse of process, Plaintiff was falsely incarcerated, wrongfully indicted, and maliciously prosecuted along with other wrongful acts conducted.

123.    The false detainment, wrongful arrest, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendants, ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10, constituted an abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights.  Defendants NCPD, NCDA, ADA ROSENBAUM, DETECTIVE TOUSSAINT, P.O. GALAN and JOHN DOES 1-10 negligently and recklessly breached their duty under the United States Constitution to prevent the commission of the civil rights violations perpetrated against EAN SOLEY, including violations of 42 U.S.C. §§1981, 1983 and substantive and procedural due process infractions.

124.    Said baseless prosecution and abuse of process was continued by the COUNTY and its refusal to adequately investigate and properly discipline the Defendant officers P.O. GALAN, JOHN DOES 1-10, and DETECTIVE TOUSSAINT,  for their actions against the Plaintiff EAN SOLEY.  Specifically, the COUNTY, NCPD and the NCDA failed to investigate and verify the veracity of EAN SOLEY'S claims of innocence, despite the lack of any substantial evidence supporting the charges against him, in as much as such evidence including eye witnesses, inconsistent testimony, and the blatant lack of any probable cause for wrongly detaining and arresting, prosecuting and imprisoning Plaintiff SOLEY.

125.    The continued action taken by the Defendants NCPD, NCDA, ADA ROSENBAUM, DETECTIVE TOUSSAINT and JOHN DOES 1-10 , to prosecute, persecute and fully inconvenience the Plaintiff EAN SOLEY with false criminal charges is an abuse of process, in that using the Courts and judicial process to persecute, intimidate, inconvenience and further damage the Plaintiff despite no significant evidence and evidence to the contrary for prosecuting the eighteen (18) baseless charges against Plaintiff SOLEY.

126.    As a result of said baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, lost business opportunities, and other expenses incurred in the attempt to clear his name from these false and maliciously imposed criminal charges.

127.    As a result of said baseless prosecution and abuse of process, Plaintiff was subjected to a highly substantial and identifiable interference with his person, property and business based upon his arrest of January 13, 2015 and his unlawful two (2) year detention up until January 19, 2017.  Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless prosecution of this matter for an additional nine (9) months and he was subjected to a significant burden and humiliation by being the subject target of an indictment submitted to the Grand Jury by the Defendants in this action.

128.    As a further result of said baseless prosecution and abuse of process, Plaintiff was forced to incur legal expenses in the amount of approximately twenty-two thousand five hundred ($22,500.00) dollars in order to defend himself against these frivolous charges, baseless prosecution and abuse of process.

129.    As a further result of said baseless prosecution and abuse of process, Plaintiff was caused to permanently lose possession of his GMC Yukon vehicle and other personal belongings of value in excess of Ten-thousand ($10,000.00) dollars.

130.    As a further result of said baseless prosecution and abuse of process, Plaintiff was cause to suffer expense of over $10,000.00 (Ten Thousand Dollars) as fees associated with the posting of the Bond for Plaintiff's release from custody after being falsely arrested on January 13, 2015.

131.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered a loss of wages from his employment as an engineer and chef, injury to his reputation in the community and his professional reputation and to forego employment opportunities.

132.    By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollars,  including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT FIVE
### STATE LAW FALSE ARREST/FALSE IMPRISONMENT

133.    The Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 130 of this Complaint with the same force and effect as though fully set forth herein.

134.    The Defendants NCPD, ADA ROSENBAUM, DETECTIVE TOUSSAINT and JOHN DOES 1-10 lacked any probable cause to arrest and detain Plaintiff SOLEY in custody  for any period of time, no less the prolonged unconscionable two (2)year period of custody at the Nassau County Correctional facility.

135.    Without such probable cause, Defendants   NCPD, ADA ROSENBAUM, DETECTIVE TOUSSAINT and JOHN DOES 1-10 conspired to and wrongfully detained the Plaintiff EAN SOLEY, and denied him his freedom for a period of two (2) years. During said time, Plaintiff was physically prevented from leaving the custody of police, in that he was handcuffed and surrounded by officers in a police precinct, and subsequently incarcerated in the Nassau County Correctional Facility under the supervision and knowledge of the NCDA and NCPD.

136.    As a result of said false arrest and false imprisonment, Plaintiff suffered and continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely arresting and imprisoning EAN SOLEY and requiring him to face false charges.

137.    By reason of the foregoing, Plaintiff has been damaged in the sum in excess of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

a.    As and for Count One in the sum in excess of Ten Million ($10,000,000.00) dollars;

b.    As and for Count Two in the sum in excess  of Ten Million ($10,000,000.00) dollars;

c.    As and for Count Three in the sum in excess of Ten Million ($10,000,000.00) dollars;

d.    As and for Count Four in the sum in excess  of Ten Million ($10,000,000.00) dollars;

e.    As and for Count Five in the sum in excess  of Ten Million ($10,000,000.00) dollars;

f.    Attorney's fees and costs, pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k);

g.    A declaratory judgment stating that Defendants wilfully violated Plaintiff's rights secured by federal and state laws as alleged herein;

h.      Injunctive relief: an injunction requiring Defendants to correct all present and past violations of federal and state law as alleged herein; to allow the Plaintiff to continue in the position from which Defendants' illegally terminated her; to enjoin the Defendants from continuing to act in violation of federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws; and

I.      An Order granting such other legal and equitable relief as the court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated:  Hempstead, New York
        January 18, 2018

                                        LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

                    By:     /S/ Tricia S. Lindsay
                            TRICIA S. LINDSAY
                            Attorneys for Plaintiff
                            556 Peninsula Boulevard
                            Hempstead, New York 11550
                            (516) 489-6959