UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EAN SOLEY,

       Plaintiff,

v.

COUNTY OF NASSAU, DETECTIVE
RHUBENS TOUSSAINT shield # 1192,
P.O. OMAR D. GALAN shield # 3660,
DETECTIVE STEPHEN BELLAMY,
P.O. SEAN MCNEIL, and JOHN DOES
1-10, in their individual and official capacities,

       Defendants.

Case No.: 18-cv-377 (ARR) (SB)

**PLAINTIFF'S PRETRIAL MEMORANDUM OF LAW**

---

Plaintiff, Ean Soley, respectfully submits this memorandum pursuant to Your Honor's Individual Rule 7.2 in support of his claims that Defendants violated his constitutional rights to a fair and speedy trial under the Sixth Amendment, due process under the Fourteenth Amendment, and freedom from unconstitutional police conduct unprotected by qualified immunity. This memorandum applies Second Circuit precedent to demonstrate that Defendants' actions infringed Plaintiff's clearly established rights.

    **I.    VIOLATION OF THE RIGHT TO A FAIR AND SPEEDY TRIAL (SIXTH AMENDMENT)**

The Sixth Amendment guarantees "the right to a speedy and public trial." *U.S. Const. amend. VI*. The Second Circuit employs the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to assess violations: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice. *See United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013); *United States v. Moreno*, 789 F.3d 72, 78 (2d Cir. 2015).

1

### 1. Length of Delay

Delays exceeding eight (8) months are "presumptively prejudicial," triggering further scrutiny. *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992); *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Plaintiff was incarcerated for over two (2) years, from February 2015 to October 2017, a 32-month period far surpassing the threshold for presumptive prejudice. *See United States v. Black*, 918 F.3d 243, 260 (2d Cir. 2019) (24-month delay warranted analysis). This extended delay strongly favors Plaintiff's claim.

### 2. Reason for Delay

Delays attributable to the government, especially if deliberate, weigh heavily against it. *Barker*, 407 U.S. at 531; *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 376 (2d Cir. 1979). Plaintiff alleges that Defendants Toussaint, Galan, Bellamy, McNeil, and John Does 1–10 caused the delay by failing to disclose exculpatory evidence, including text messages and call logs on Plaintiff's cellphone, and by intentionally destroying such evidence. These actions, solely attributable to Defendants, prevented timely resolution of the charges. *See United States v. Tigano*, 880 F.3d 602, 614 (2d Cir. 2018) (government's discovery failures justify attributing delay); *United States v. Lovasco*, 431 U.S. 783, 790 (1977) (deliberate delays violate due process). The government's misconduct, unmitigated by any Plaintiff-caused delay, heavily supports a Sixth Amendment violation.

### 3. Assertion of Right

A defendant's timely and persistent assertion of the speedy trial right strengthens the claim. *United States v. Jones*, 129 F.3d 718, 724 (2d Cir. 1997). Plaintiff repeatedly demanded a speedy trial through oral and written motions, including formal demands for exculpatory evidence served on June 30, July 6, and August 10, 2015. *See Barker*, 407 U.S. at 531 (consistent assertions weigh

in defendant's favor). Plaintiff's diligent efforts, undeterred by prolonged detention, bolster this factor.

### 4. Prejudice

Prejudice is assessed through oppressive pretrial incarceration, anxiety, and defense impairment. *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir. 1976). Plaintiff suffered over two years of incarceration, causing severe emotional distress, loss of employment, and strained familial relationships. The destruction and withholding of cellphone evidence impaired Plaintiff's ability to challenge the complaining witness's credibility, delaying access to exculpatory material critical to his defense. *See Doggett*, 505 U.S. at 655 (impairment from evidence loss supports prejudice). Prolonged detention alone establishes prejudice without requiring specific proof of defense impairment. *Tigano*, 880 F.3d at 618; *Klopfer v. North Carolina*, 386 U.S. 213, 222 (1967) (lengthy incarceration inherently prejudicial). Plaintiff's significant harm solidifies this factor.

The 32-month delay, driven by Defendants' deliberate misconduct, coupled with Plaintiff's timely assertions and substantial prejudice, establishes a Sixth Amendment violation. *See Black*, 918 F.3d at 262 (government-caused delays with prejudice violate speedy trial right); *United States v. Marion*, 404 U.S. 307, 320 (1971) (unjustified delays infringe constitutional protections).

## II.   VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

The Fourteenth Amendment's Due Process Clause prohibits state conduct that is arbitrary, fundamentally unfair, or conscience-shocking. *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011); *Rochin v. California*, 342 U.S. 165, 172 (1952). Defendants' prolonged detention, evidence suppression, and destruction violated Plaintiff's due process rights.

3

**1. Unjustified Delays**

Prolonged pretrial detention without justification constitutes a due process violation. *United States v. Gallo*, 653 F. Supp. 320, 337 (E.D.N.Y. 1986), *aff'd*, 838 F.2d 155 (2d Cir. 1988); *Betterman v. Montana*, 578 U.S. 437, 447 (2016). Plaintiff's over two-year incarceration resulted from Defendants' failure to disclose exculpatory cellphone evidence despite defense demands. This delay, wholly attributable to Defendants, deprived Plaintiff of liberty without fair process. *See United States v. Salerno*, 481 U.S. 739, 747 (1987) (due process limits pretrial detention duration); *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992) (arbitrary delays violate due process).

**2. Suppression and Destruction of Exculpatory Evidence**

The knowing suppression or bad-faith destruction of exculpatory evidence violates due process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Plaintiff alleges Defendants withheld cellphone evidence, including text messages and call logs that contradicted the complaining witness's allegations, for over two years. Defendants further destroyed portions of this evidence, impairing Plaintiff's defense. Such conduct, particularly when intentional, shocks the conscience and undermines trial fairness. *Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000) (suppression of exculpatory evidence actionable); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (fabrication or destruction violates due process); *Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004) (bad-faith destruction triggers liability). Defendants' actions deprived Plaintiff of a fair opportunity to defend himself, constituting a clear due process violation.

Defendants' unjustified delays and bad-faith evidence suppression and destruction violated Plaintiff's Fourteenth Amendment rights. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578,

626 (E.D.N.Y. 2017) (evidence destruction supports due process claim); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991) (courts condemn bad-faith misconduct).

**III. QUALIFIED IMMUNITY DOES NOT SHIELD DEFENDANTS**

Qualified immunity protects officials unless their conduct violates "clearly established" rights or is objectively unreasonable. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). Defendants are not entitled to immunity.

**1. Violation of Clearly Established Rights**

The rights to a speedy trial, due process, and freedom from evidence suppression or destruction were clearly established by 2015. *Barker*, 407 U.S. at 530 (speedy trial); *Brady*, 373 U.S. at 87 (exculpatory evidence); *Youngblood*, 488 U.S. at 58 (evidence destruction). Second Circuit precedent confirms that suppressing exculpatory evidence or causing unjustified delays violates due process. *Zahrey*, 221 F.3d at 349; *Ricciuti*, 124 F.3d at 130; *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (officers must not disregard exculpatory evidence). Plaintiff's allegations of deliberate evidence withholding and destruction fall squarely within these prohibitions. *See Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015) (evidence manipulation violates established rights).

**2. Objective Unreasonableness**

No reasonable officer could believe that withholding exculpatory evidence or destroying cellphone data was lawful. *Zahrey*, 221 F.3d at 349 (denying immunity for evidence fabrication); *Panetta*, 460 F.3d at 395. Defendants' failure to disclose evidence despite repeated demands and their destruction of cellphone data demonstrate conduct no reasonable officer could justify. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (obvious violations preclude immunity); *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004) (factual disputes about misconduct preclude

5

immunity). The egregious nature of the alleged actions—prolonging detention and impairing defense—further undermines any claim of reasonableness.

Defendants violated clearly established rights through objectively unreasonable conduct, barring qualified immunity. *See Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018) (defendants bear burden to prove immunity).

### IV. ADDRESSING POTENTIAL COUNTERARGUMENTS

Defendants may argue that the delays were not deliberate, the evidence destruction was not in bad faith, or Plaintiff contributed to the delay. However, Plaintiff alleges Defendants' intentional withholding and destruction of evidence caused the delay, with no evidence suggesting Plaintiff's actions contributed. *See Barker*, 407 U.S. at 531 (government bears burden for delays it causes). Bad faith is inferred from the destruction of exculpatory cellphone data, which Defendants have not explained. *Youngblood*, 488 U.S. at 58 (unexplained destruction suggests bad faith). Plaintiff's consistent demands for evidence negate claims of acquiescence. *Jones*, 129 F.3d at 724. These disputes require trial resolution. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (factual disputes preclude summary judgment).

### V. CONCLUSION

Plaintiff's Sixth and Fourteenth Amendment claims are supported by allegations of Defendants' deliberate delays, evidence suppression, and destruction. Qualified immunity is inapplicable due to clear violations of established rights. Plaintiff alleges conduct that, if proven, would violate clearly established constitutional rights. The law in the Second Circuit has long been clear that fabricating evidence, suppressing exculpatory material, and causing unjustified delays in pretrial detention are unconstitutional. See *Ricciuti*, 124 F.3d at 130; *Zahrey*, 221 F.3d at 349.

No reasonable officer could have believed that such conduct as alleged by the Plaintiff was permissible. As such, qualified immunity is not available to shield the defendants from liability.

Dated: June 13, 2025
      Mount Vernon, NY

                                                          _____
Tricia S. Lindsay, Esq
Attorney for Plaintiff
531 E. Lincoln Ave STE 5B
Mount Vernon, NY 10552
Ph. (347) 386-4604;
Fax. (914) 840-1196
tricialindsaylaw@gmail.com